UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAMON JOSE CASTELLANO PENALOZA,<br><br>                     Petitioner,<br>       v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT FIELD OFFICE DIRECTOR,<br><br>                     Respondent. | CASE NO. 2:25-cv-02629-DGE<br><br>ORDER DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 3) |

Petitioner is a Venezuelan citizen.  He has been detained at Northwest Immigration & Customs Enforcement Processing Center ("NWIPC") since October 24, 2025.  He agreed to pre-conclusion voluntary departure on December 11, 2025 and is scheduled to be removed to Venezuela on February 2, 2026.  For the reasons discussed herein, Petitioner's petition is DENIED.

ORDER DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 3) - 1

## I.    BACKGROUND

On December 31, 2025, Petitioner filed a petition for writ of habeas corpus.[1] (Dkt. No. 3.)  Petitioner used a form or template petition with minimal to no facts about his individual case. Petitioner states only that he has been detained since October 24, 2025 and his current charge of deportation is "AF237." (*Id*. at 1–2.)  Petitioner argues he is entitled to a bond hearing under 8 U.S.C. § 1226; specifically, he argues that he is not being held under § 1226(c) but rather he is being held under § 1226(a) because he "has completed the administrative process." (*Id*. at 3–4.) The petition does not identify where Petitioner is from, when he arrived in the United States, where he is in the immigration court process, under what circumstances he was detained, or any other facts relevant to this proceeding.

On January 14, 2025, Respondent filed a response to Petitioner's petition.  Respondent identified that Petitioner is a native and citizen of Venezuela.  (Dkt. No. 10-2 at 2.)  Petitioner was served a Notice to Appear on August 14, 2025 and ordered to appear before an immigration judge in Portland, Oregon on December 17, 2025.  (Dkt. No. 10-3 at 2.)  But on October 24, 2025, Petitioner was arrested and taken into Immigration & Customs Enforcement ("ICE") custody.  (Dkt. No. 10-5 at 3–4.)  Petitioner has been detained at Northwest ICE Processing Center ("NWIPC") since.

On December 11, 2025, Petitioner had a hearing before an immigration judge in Tacoma, Washington.  (Dkt. No. 10-1 at 1.)  Petitioner was found inadmissible.  (*Id*. at 2.)  His asylum application and other forms of relief requested were withdrawn without prejudice.  (*Id*.)  At the same time, the immigration judge granted Petitioner pre-conclusion voluntary departure under

---

[1] A proposed petition was filed on December 18, 2025, without the proper fee or an application to proceed in forma pauperis ("IFP").  (*See* Dkt. Nos. 1–2.)  The Petition was not filed until after the Clerk's Office received the filing fee.  (*See* docket entry between Dkt. Nos. 2 and 3.)

ORDER DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 3) - 2

INA § 240(b), which is codified at 8 U.S.C. 1229c.  (*Id*. at 3.)  Petitioner was "ordered to depart by 01/12/2026" and informed his failure "to depart by the required date [would] result in an alternate order of removal to VENEZUELA taking effect immediately."  (*Id*.)  Petitioner's voluntary departure was "granted under safeguards."  (*Id*.)   Petitioner remained in custody.

Petitioner did not depart the country by January 12, 2026.  This appears to be because Respondent was "not able to transport [noncitizens] to Venezuela due to national conflict[.]"  (Dkt. No. 11 at 3.)  However, flights to Venezuela have resumed.  (Dkt. No. 13 at 2.)  Respondent has now "extended Petitioner's time period to voluntarily depart the U.S. pursuant to the immigration judge's order."  (*Id*.)  Petitioner is scheduled to be removed to Venezuela on February 2, 2026.  (*Id*.)

Petitioner did not file a traverse.

## II.   ANALYSIS

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST., Art. I, § 9, cl. 2).  To succeed on her habeas petition, Petitioner "must show [he] is in custody in violation of the Constitution or laws or treaties of the United States."  *Doe v. Bostock*, No. C24-0326-JLR-SKV, 2024 WL 3291033, at *5 (W.D. Wash. Mar. 29, 2024), *report and recommendation adopted*, No. C24-0326JLR-SKV, 2024 WL 2861675 (W.D. Wash. June 6, 2024) (citing 28 U.S.C. § 2241).  Because habeas proceedings are civil in nature, the "[p]etitioner 'bears the burden of proving that he is being held contrary to law, . . . [and] he must satisfy his burden of proof by a preponderance of the evidence.'"  *Aditya W. H. v. Trump*, No. 25-cv-1976, 2025 WL 1420131, at *7 (D. Minn. May 14, 2025) (quoting *Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023) (citations omitted)).  While the Court cannot hear challenges arising from the government's decision to

ORDER DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 3) - 3

commence removal proceedings or detain an individual, the Court can hear cases that, like here, challenge the constitutionality of detention.

However, Petitioner has provided little to no information about the basis for granting habeas relief.  The petition itself is void of facts describing Petitioner's individual circumstances or why such circumstances support habeas relief.  In addition, Respondent identified Petitioner was granted voluntary departure and agreed to depart to Venezuela.  Respondent has further identified Petitioner is scheduled to leave to Venezuela on February 2, 2026.  Accordingly, the Court finds no basis to grant habeas relief because Petitioner has failed to establish his current detention is unlawful.[2]

### III.    ORDER

Accordingly, Petitioner's petition for writ of habeas corpus (Dkt. No. 2) is DENIED without prejudice.  The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 26th day of January, 2026.



David G. Estudillo
United States District Judge

---

[2] Note, Respondent's assertion that the "immigration judge's order converted to a removal order after Petitioner failed to voluntarily depart" is dubious.  (Dkt. No. 9 at 5.)  Where a person fails to voluntarily depart "through no fault of her own," it "cannot be said [they] have 'voluntarily' failed to depart within the period of voluntary departure."  *In re Zmijewska*, 24 I. & N. Dec. 87, 94 (B.I.A. 2007).  This is particularly true where a person "is physically unable to depart."  *Id*.  Here, it is undeniable that Petitioner, who has been physically detained throughout the entirety of the departure period at the NWIPC, was physically unable to depart through no fault of his own.

ORDER DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 3) - 4